# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| SHERIDAN L. DAVIS, Individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 12-01023-CV-W-BP |
| SPRINT NEXTEL CORPORATION, SPRINT CORPORATION, SPRINT SOLUTIONS, INC. d/b/a SPRINT, SPRINT PCS and/or NEXTEL, and DOES 1-50, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL
## ARBITRATION AND DISMISS OR STAY CASE

Defendants Sprint Nextel Corporation, Sprint Corporation and Sprint Solutions, Inc. (hereinafter "Sprint Defendants" or "Defendants")[1] hereby move that this Court compel plaintiff to submit the dispute between plaintiff and the Sprint defendants to bilateral arbitration in accordance with the parties' Agreement, and to dismiss the present action or, in the alternative, to stay it pending completion of the arbitration.

---

[1] Sprint Nextel Corporation ("SNC") is a named defendant. But SNC is a holding company that is not subject to personal jurisdiction in Missouri, is not an operating entity and did not provide the service at issue in these claims. The Subscriber Agreement clearly states that Sprint Solutions, Inc. is the contracting party. Accordingly, SNC specially appears in these actions without consenting to jurisdiction. Subject to and without waiver of SNC's jurisdictional arguments (which are expressly hereby reserved and may be raised in any district in which SNC is asked to arbitrate), any claims against SNC resulting from an operating subsidiary's provision of services under the Subscriber Agreement also must be arbitrated. Furthermore, the arbitration provision expressly extends to claims brought "against our employees, agents, *affiliates* or other representatives." (Italics added).

Similarly, Sprint Corporation is an improperly named entity. While incorporated in Missouri, Sprint Corporation has been an inactive entity having no assets or employees since at least 2001.

3159805.1

As reasons for this motion, the Sprint Defendants state:

1.    Plaintiff alleges that she entered into a contractual relationship with Sprint in approximately 2004, and that Sprint breached that agreement when it charged plaintiff with certain late fees. *See Complaint,* Doc. 1.

2.    The agreement between the parties was contained in a document entitled Subscriber Agreement, General Terms and Conditions of Service. A copy of the Agreement in effect when plaintiff's service terminated in 2008 is attached to the Suggestions in Support as Exhibit A.

3.    The Agreement contains a valid and binding arbitration provision requiring that "all disputes" between the parties be handled via, first, an informal dispute resolution process and, second, if that does not succeed in resolving the dispute, submitting the dispute to binding arbitration. "All disputes" are defined as "any claims or controversies against each other related in any way to our Services or the Agreement." (Ex. A, p. 20).

4.    The Agreement also provides (Ex. A, p. 21) that the parties waived any right to pursue class arbitration. The Agreement states, in bold print:

> **We each agree not to pursue arbitration on a classwide basis. We each agree that any arbitration will be solely between you and us (not brought on behalf of or together with another individual's claim).**

Sprint agreed to cover any arbitration administrative or filing fees above stated thresholds.[2]

---

[2]"[W]e will cover any arbitration administrative or filing fees above: (a) $25 if you are seeking less than $1,000 from us; or (b) the equivalent court filing fees for a court action in the appropriate jurisdiction if you are seeking $1,000 or more from us." (Ex. A, p. 22)

5.	The Agreement also contained an exception provision allowing either party to pursue an action in small claims court, and the customer was also allowed to "file your dispute with any federal, state or local government agency that can, if the law allows, seek relief against us on your behalf." Ex. A, p. 22.

6.	The Agreement thus contained a valid agreement to submit "all disputes" to single, i.e., non-classwide, arbitration. Therefore, this action should be dismissed or stayed, and Plaintiff compelled to submit her dispute against Sprint to single arbitration.

WHEREFORE, for the reasons stated herein, in the accompanying Suggestions, and in the Declaration of Stephanie Miller, the Sprint Defendants move that this Court compel Plaintiff to submit her dispute against the Sprint Defendants to an individual arbitration and to dismiss this action or, in the alternative, stay this action pending completion of that arbitration proceeding; and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Russell S. Jones, Jr.*
RUSSELL S. JONES, JR.        MO #30814
TRAVIS L. SALMON        MO #53090
POLSINELLI SHUGHART PC
120 W. 12th Street, Suite 1700
Kansas City, Missouri 64105
Telephone; (816) 421-3355
Facsimile: (816) 374-0509
rjones@polsinelli.com
tsalmon@polsinelli.com

OF COUNSEL

JOSEPH A. BOYLE
LAURI A. MAZZUCHETTI
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jboyle@kelleydrye.com
lmazzuchetti@kelleydrye.com

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court this 20th day of August, 2012, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) to all counsel of record.

James P. Frickelton, Esq.
Edward D. Robertson, Jr., Esq.
Edward D. Robertson, III, Esq.
Bartimus, Frickelton, Robertson & Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS  66211

Scott M. Adam, Esq.
Ted J. McDonald, Esq.
Sean T. McGrevey, Esq.
Tim S. Davidson, Esq.
David D. Burkhead, Esq.
Adam & McDonald, P.A.
9300 West 110th Street, Suite 470
Overland Park, KS  66210

Attorneys for Plaintiff

/s/ Russell S. Jones, Jr.
Attorney for Defendants